UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY TODD,<br><br>                    Petitioner,<br><br>      vs.<br><br>LAMARQUE, Warden,<br><br>                    Respondent. | No. 1:00-cv-06972-JKS(HC)<br><br>ORDER<br>[Re: Motion at Docket No. 28]<br><br>[Court of Appeals No. 07-15685] |

       At Docket No. 28 Petitioner filed a document styled "Motion for Certificate of Appealability."  At Docket No. 34 the Court of Appeals remanded this matter to this Court for the limited purpose of ruling on a request for an extension of time within which to file a notice of appeal and for a Certificate of Appealability (COA).

       On July 6, 2004, this court entered its Order and Final Judgment denying the petition for a writ of habeas corpus under 28 U.S.C. § 2254 at Docket Nos. 22 and 23 respectively.  In its Order the Court specifically denied a COA, stating:

> The Court is of the view that the issue of a certificate of appealability should be addressed now rather than after Todd's claims and the issues they present fade with memory.  Accordingly, given that reasonable jurists could not differ on these issues for reasons set forth in this Order, the Court will DENY a certificate of appealability.  See 28 U.S.C. § 2253(c)*; Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003) (outlining certificate of appleabi1ity standard); *Jennings v. Woodford*,  290 F.3d 1006, 1010 (9th Cir. 2002) (same).  If Todd wishes to appeal this Order, he must obtain a certificate of appealability from a motions panel of the Ninth Circuit Court of Appeals.  Ninth Circuit Rule 22-1 (c).  Todd is cautioned that he must file his motion for a certificate of appealability with the clerk's office in the Eastern District of California, along with a statement of reasons why a certificate should issue, within **thirty-five (35)** days of the entry of this Order.  *Id*.  The clerk's office can then transmit Todd's appeal of the denial of his certificate of appealability directly to the Ninth Circuit.

The Certificate of Service shows that a copy of the Order and Judgment were mailed to Petitioner on July 6, 2004, addressed to him at the High Desert State Prison, the last address furnished by Petitioner.

For the reasons stated in its July 6, 2004, Order, the Court declines to issue a Certificate of Appealability.

On April 14, 2005, at Docket No. 26, Petitioner filed a Motion for Reconsideration arguing that the court made an erroneous assumption that there was a "dual jury." On April 22, 2005, the Court entered its Order from Chambers denying the Motion for Reconsideration as untimely and also stated: "Contrary to Todd's assertion, the Court was fully aware that Todd's case and the case of his co-defendant were heard and decided by a single jury."[1/]

Petitioner filed the motion at bar on August 5, 2005; more than 30 days but less than 180 days after the motion for reconsideration was denied. It was, however, filed more than 180 days after entry of the Judgment dismissing his petition. FED. R. APP. P. 4(a)(6) permits a district court to reopen the time to file an appeal if three conditions are met: (1) the moving party did not receive notice of entry within 21 days after entry; (2) the motion is filed not later than 180 days after entry; and (3) no party would be prejudiced. Treating the motion at Docket No. 28 as a motion under FED. R. APP. P. 4(a)(6), with respect to the denial of the motion for reconsideration it falls within the 180-day window. However, the final Judgment denying the petition falls far outside the window. Consequently, the Court is without authority to reopen the time to file an appeal from the Judgment. Assuming that the other two Rule 4(a)(6) requirements are met, the Court clearly has the authority to reopen the time for filing an appeal from the order denying reconsideration.

The Motion for Reconsideration is governed by Rule 59, Federal Rules of Civil Procedure. That Motion must be filed not more than 10 days after entry of the judgment. FED. R. CIV. P. 59(b). This Court lacks authority to enlarge that time. FED. R. CIV. P. 6(b). Moreover, on the grounds asserted in the motion, it was not well taken on the merits. "There are three grounds for granting new trials in court-tried actions under Rule 59(a)(2): (1) manifest

---

[1/] The Docket entries and the Order from Chambers do not reflect service of this order.

ORDER Re: Motion for COA
*Todd v. LaMarque*, No. 1:00-cv-06972-JKS(HC)                2

error of law; (2) manifest error of fact; and (3) newly discovered evidence." *Brown v. Wright*, 588 F.2d 708, 710 (9th Cir.1978). The motion for reconsideration did not present any of these grounds. The denial of a Rule 59(a) motion is reviewed for abuse of discretion. *City Solutions, Inc. v. Clear Channel Communications*, 385 F.3d 835, 843 (9th Cir.2004). Denial of an untimely motion that fails to present adequate grounds hardly constitutes an abuse of discretion. Accordingly, there is no basis for reversing denial of the motion on appeal.

IT IS ORDERED THAT:

1. The Motion for a Certificate of Appealability is **DENIED**.
2. The Motion for Leave to file a late appeal is **DENIED**.

The Clerk of the Court is directed to forthwith transmit a copy of this order to the Clerk of the Court of Appeals for the Ninth Circuit.

DATED: August 24, 2007

                                                          s/ James K. Singleton, Jr.
                                                          JAMES K. SINGLETON, JR.
                                                          United States District Judge